**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4045**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAVONDRA MICHELLE WHITE, a/k/a Shavondra Brewster,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:22-cr-00253-RJC-DCK-2)

---

Submitted:  December 5, 2024                    Decided:  December 9, 2024

---

Before GREGORY and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shavondra Michelle White pled guilty, pursuant to a written plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349. The district court sentenced White to 12 months and 1 day in prison, which was below the advisory Sentencing Guidelines range of 8-14 months, and 2 years of supervised release. White's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but asking this court to review the reasonableness of the selected sentence, particularly in terms of the district court's rejection of White's unopposed request for a probationary sentence. Although informed of her right to file a pro se supplemental brief, White has not done so. The Government declined to file a brief. We affirm.*

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the sentence

---

* During the pendency of this appeal, White was released from prison. However, as White is serving a two-year term of supervised release, this appeal is not moot. *See United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018).

2

'is procedurally sound, [this] court should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). We afford a presumption of reasonableness to any sentence within or below a properly calculated Guidelines range. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record confirms the procedural reasonableness of White's sentence. The district court adopted the uncontested Guidelines calculations set forth in the presentence report, and we discern no error in the calculation of White's advisory Guidelines range. The district court also afforded the parties an opportunity to argue for an appropriate sentence and heard White's allocution. The district court then identified the § 3553(a) factors it deemed most relevant, which the court balanced with the mitigating considerations advanced by the defense, and provided a reasoned explanation both for rejecting White's request for a probationary sentence and for imposing the selected custodial term. And because nothing in the record undermines the presumption of substantive reasonableness afforded the selected within-Guidelines sentence, we also conclude that White's sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform White, in writing, of the right to

3

petition the Supreme Court of the United States for further review.  If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on White.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*